IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEVINE LOVE**                                                                                          **PLAINTIFF**

v.                                                                        **Civil No. 3:20-cv-00245-DCB-JCG**

**USPS**                                                                                                  **DEFENDANT**

*consolidated with*

**DEVINE LOVE**                                                                                          **PLAINTIFF**

v.                                                                        **Civil No. 3:20-cv-00246-DCB-JCG**

**USPS**                                                                                                  **DEFENDANT**

## REPORT AND RECOMMENDATION THAT THIS CONSOLIDATED ACTION BE DISMISSED WITHOUT PREJUDICE DUE TO PLAINTIFF'S FAILURE TO PROSECUTE AND ABIDE BY THE COURT'S ORDER TO FILE A STANDALONE COMPLAINT

BEFORE THE COURT is a Motion to Dismiss [34] filed by Defendant United States Postal Service (USPS). Having considered the submissions of the parties, the record, and applicable law, the undersigned recommends that this consolidated action be dismissed without prejudice due to Plaintiff's refusal to file a standalone complaint that she was ordered to file by March 12, 2021. Plaintiff acknowledges a "slight delay in adhering to the Honorable Judge's Orders," yet over three months have passed since her deadline with no compliance. Dismissal without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey a Court Order is warranted.

BACKGROUND

Plaintiff has five pending cases against USPS, her former employer, arising from Plaintiff's employment as a Postal Support Employee at USPS's Processing and Distribution Center in Jackson, Mississippi.

*Love v. USPS*, 3:20-cv-00245-DCB-JCG (S.D. Miss. filed Apr. 7, 2020)
*Love v. USPS*, 3:20-cv-00246-DCB-JCG (S.D. Miss. filed Apr. 7, 2020)
*Love v. USPS*, 3:20-cv-00786-DCB-JCG (S.D. Miss. filed Dec. 8, 2020)
*Love v. USPS*, 3:20-cv-00807-DCB-JCG (S.D. Miss. filed Dec. 17, 2020)
*Love v. USPS*, 3:21-cv-00001-DCB-JCG (S.D. Miss. filed Jan. 4, 2021)

The first two actions were consolidated into this action, and Plaintiff is proceeding in forma pauperis in this action. Plaintiff is also proceeding in forma pauperis in the third-filed action. Reports and Recommendation will issue recommending that Plaintiff's request for pauper status in the fourth (3:20-cv-00807-DCB-JCG) and fifth actions (3:21-cv-00001-DCB-JCG) be denied and those actions dismissed as duplicative of the third action (3:20-cv-00786-DCB-JCG).

The instant Motion to Dismiss concerns this consolidated action, which evolved as follows. Plaintiff filed the first and second action on April 7, 2020. In 3:20-cv-00245-DCB-JCG, Plaintiff used a form complaint for pro se litigants alleging civil claims. The Complaint's statement of claim provided, "retaliation due to a prior EEO case against James Tate (sexual harassment)." [1] at 4. Plaintiff attached a U.S. Equal Employment Opportunity Commission decision to her Complaint. [1] at 6-9. Plaintiff filed an amended complaint in 3:20-cv-00245-DCB-JCG on a form complaint for pro se litigants alleging employment discrimination. The Amended Complaint stated

Plaintiff was suing under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), for retaliation that occurred on June 24-25, 2015, and discrimination based on race and sex. [3] at 4-5. Plaintiff attached over two hundred pages of documents to her Amended Complaint.

In the second-filed action, 3:20-cv-00246-DCB-JCG, Plaintiff used a form complaint for pro se litigants alleging civil claims. The Complaint's statement of claim provided, "sexual harassment – he put his private area on my butt at work." [1] at 4. Plaintiff attached a different U.S. Equal Employment Opportunity Commission decision to her Complaint in the second action. Upon Plaintiff's motion, 3:20-cv-00245-DCB-JCG and 3:20-cv-00246-DCB-JCG were consolidated on May 14, 2020, the Court finding the cases appeared to involve common questions of law and fact.

At a January 11, 2021, case management conference, Plaintiff agreed to file a standalone complaint which stated all her claims in the first two suits in one pleading. This method was agreed to by the parties to avoid confusion in determining the operative complaint. Plaintiff did not abide by her agreement to file a standalone complaint. Therefore, on February 26, 2021, the Court issued an Order [33] setting March 12, 2021, as the deadline for Plaintiff to file a standalone complaint. The Court explained that Plaintiff had not provided a "short and plain statement" of her claims, as required by Federal Rule of Civil Procedure 8(a)(2) but instead had injected needless confusion into the record by filing two actions, multiple complaints, and copious discovery documents. [33] at 3-4. The Court's Order provided that

> [t]o avoid needless confusion in the record as to what the operative

> pleading is and what claims are being asserted, the Court requires Love to file a standalone amended complaint that repleads Love's race, sex, and in retaliation claims against USPS from the Complaint in Love v. USPS, 3:20-cv-00245-DCB-JCG, as well as repleads the sexual harassment claim from the Complaint in Love v. USPS et al., 3:20-cv-00246-DCB-JCG.

[33] at 3.

The Court set March 12, 2021, as Plaintiff's deadline for filing a standalone complaint. Plaintiff was warned that failure to timely file a standalone complaint or comply with any order of the Court subjected her case to dismissal under Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to dismiss an action sua sponte. [33] at 3.

Plaintiff failed to file a standalone complaint by March 12, 2021. Plaintiff's inaction prompted Defendant to file a Motion to Dismiss on April 2, 2021, asserting dismissal of this consolidated action is warranted due to Plaintiff's failure to prosecute and obey the Court's Order to file a standalone complaint. In response to Defendant's Motion to Dismiss, Plaintiff filed a document entitled, "Motion for Sanctions" [36] on April 13, 2021, urging that

> Motion to Dismiss against Plaintiff are not warranted for its slight delay in adhering to the Honorable Judge's Orders because the Plaintiff has demonstrated good cause and has met all deadlines.

[36] at 1 (sic in original).

On June 2, 2021, Plaintiff filed a document entitled, "Plaintiff's Response to Motion to Dismiss" [39] which did not address her failure to file a standalone complaint and did not address whether this consolidated suit should be dismissed

due to Plaintiff's failure to prosecute and obey the Court's Order to file a standalone complaint. Plaintiff has yet to explain why she continues to ignore the Court's Order to file a standalone complaint.

## ANALYSIS

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, to achieve the orderly and expeditious disposition of cases. *Id.* Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Here, there has been a clear record of delay and contumacious conduct by Plaintiff. Plaintiff agreed to file a standalone complaint at the case management

conference yet did not abide by her agreement. The Court ordered Plaintiff to file a standalone complaint by March 12, 2021, and over three months later, Plaintiff still has not complied. Plaintiff has not complied despite her admission to "slight delay in adhering to the Honorable Judge's Orders." Plaintiff has not complied despite being warned that if she did not timely file a standalone complaint, or obey any order of the Court, her suit was subject to dismissal for failure to prosecute and obey orders of the Court. [33] at 3. Defendant's Motion to Dismiss, which again highlighted Plaintiff's noncompliance with the Court's Order, still did not prompt Plaintiff to file a standalone complaint or establish good cause for her failure to do so.

"The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right." *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). Although pro se pleadings are to be construed liberally, the Court cannot not serve as Plaintiff's de facto counsel and rewrite her deficient pleadings. *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Attempts to prompt "diligent prosecution" through lesser sanctions than dismissal have proven to be futile, *see Tello v. Comm'r,* 410 F.3d 743, 744 (5th Cir. 2005), and dismissal without prejudice is therefore warranted. *See Rice v. Doe,* 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal without prejudice based on plaintiff's failure to comply with a court order).

NOTICE OF RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.

SIGNED, this the 23rd day of June, 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE